UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHRISTOPHER CHILDS, | ) | CASE NO. 5:06 CV 2640 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MASSILLON POLICE | ) | AND ORDER |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On October 31, 2006, pro se plaintiff Christopher Childs filed this action under 42 U.S.C. § 1983 against the Massillon Police Department, the Massillon Civil Service Commission, the City of Massillon, Massillon Detective Robert Grizzard, and Massillon Detective Navada Gump. In the complaint, plaintiff alleges the defendants violated his Eighth and Fourteenth Amendment rights. He seeks monetary damages.

**Background**

The complaint in this matter contains very few factual allegations. It is comprised largely of legal argument. The precise nature of Mr. Child's claims is therefore difficult to decipher. He states that on February 17, 2005, he was arrested by Massillon police on charges of rape and kidnaping, and having unlawful sexual conduct with a minor. He claims, without

explanation, that the defendants lacked probable cause for the arrest based on the information they had at that time. He claims he "was severely harmed by the atrocious illegal acts effected by the named and un-named individuals listed above." (Compl. at 4.) He asserts he was "deprived of the equal protections of the laws and was impeded the due course of justice and the right to be free from unlawful arrest, in violation of Mr. Childs's Eighth and Fourteenth Amendment rights... ." (Compl. at 4.) He contends that the Massillon Police Department, the City of Massillon, the Massillon Civil Service Commission, Detective Gump, and Detective Grizzard with deliberate indifference "governmentally tortuously effected the said wrongs to Mr. Childs intentionally to harm one who was doing nothing more than what the law plainly allowed Mr. Childs to do... ." (Compl. at 4-5.) Mr. Childs further states that the Massillon Police Department, the City of Massillon, and the Massillon Civil Service Commission failed to instruct, supervise, control, and "discipline on a continuing basis" Detectives Grizzard and Gump and claims that the violation to his constitutional rights occurred because of an unspecified custom or procedure. (Compl. at 6.) He asks this court to award him compensatory and punitive damages.

## **Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997);
(continued...)

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). Aside from the statement that he was arrested on January 17, 2005, Mr. Childs's pleading contains no factual allegations. His complaint is comprised almost entirely of legal argument. Legal conclusions alone, however, are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed). This action must therefore be dismissed.

Moreover, even if Mr. Childs had included sufficient allegations in his complaint, this action would still be dismissed. The sum of his legal arguments appears to be that the defendants should not have arrested him. In general, a claim is not cognizable under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of a conviction, unless the conviction has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). Although Mr. Childs is currently in prison, he does not

---

(...continued)
Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

include allegations stating how the charges stemming from his 1995 arrest were resolved. Without this information, this action would have been unable to proceed.

## **Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: January 26, 2007            s/    *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[2]    28 U.S.C. § 1915(a)(3) provides:

>    An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.