**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER CHILDS, ) | CASE NO. 5:06 CV 2640 |
| ) | |
| Plaintiff, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | |
| ) | |
| MASSILLON POLICE ) | ORDER |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff Christopher Childs filed a "Motion for Reconsideration" (ECF #5) on February 15, 2007 asking the court to vacate its January 26, 2007 Memorandum of Opinion and Order dismissing his case.  For the following reasons, the Motion is **denied**.

Mr. Childs filed this action under 42 U.S.C. § 1983 against the Massillon Police Department, the Massillon Civil Service Commission, the City of Massillon, Massillon Detective Robert Grizzard, and Massillon Detective Navada Gump, asserting, without explanation, that he was "deprived of the equal protections of the laws and was impeded the due course of justice and the right to be free from unlawful arrest, in violation of Mr. Childs's Eighth and Fourteenth Amendment rights... ."  (Compl. at 4.)  He also alleged that the defendants "governmentally tortuously effected the said wrongs to Mr. Childs intentionally to harm one who was doing nothing more than what the law plainly allowed Mr. Childs to do... ."  (Compl. at 4-5.)  In its January 26, 2007 Memorandum

of Opinion and Order, this Court dismissed the action stating that Mr. Childs failed to state a claim upon which relief could be granted. Mr. Childs filed his Motion for Reconsideration "kindly request[ing] this Honorable Court for reconsideration of a Memorandum of Opinion and Order...dismissing his cause. All in the interest of justice and efficient use of judicial resources." (Mot. at 1.)

In the Sixth Circuit, a Motion for Reconsideration is construed as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment. Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir. 1990). A court may grant such a motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." Gencorp, Inc. v. Am. Int'l Underwriters Co., 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). Mr. Childs presents no basis upon which a Motion to Alter or Amend Judgment may be granted. He does not suggest that there was a clear error of law in the Court's decision, an intervening change in the controlling law, or any newly discovered evidence. There is also no indication that amendment of the judgment is necessary to prevent a manifest injustice from occurring. Absent this type of allegation, the Court cannot grant Mr. Childs's Motion.

For the foregoing reasons, the Court denies the plaintiff's Motion for Reconsideration. (ECF # 5.)

IT IS SO ORDERED.

Dated: April 2, 2007                    *s/ James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE